```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division
```

| | | |
|---|---|---|
| Kenn Hinton, | ) | |
| | ) | |
|     Plaintiff, | ) | 1:10cv754 (JCC) |
| | ) | 1:10cv851 (JCC) |
|         v. | ) | 1:10cv852 (JCC) |
| | ) | |
| BP America, Inc., | ) | |
| | ) | |
|     Defendant. | ) | |

## M E M O R A N D U M   O P I N I O N

Three nearly identical matters are before the Court on Defendant BP America's ("BP") Motions to Dismiss or for a More Definite Statement. For the following reasons, the Court will (1) grant Defendant's MTD [4] as to Plaintiff Kenn Hinton's first lawsuit [Case No. 1:10cv754]; (2) consolidate Plaintiff's two remaining actions [Case Nos. 1:10cv851, 1:10cv852], (3) order clarification regarding Plaintiff's place of residence, and (4) enjoin Plaintiff from continuing any actions in this Court without leave from the Court.

### I. Background

Plaintiff has three lawsuits pending before this Court, each arising out of the Deepwater Horizon explosion and subsequent oil spill in the Gulf of Mexico (the "Deepwater Horizon Spill"). The three suits, all originally filed in state

court, are nearly identical.  They may be attempts to circumvent a June 11, 2010 Order by Judge Trenga, barring this Plaintiff from filing complaints before this Court without leave, by filing state court actions only to have them removed to federal court.  *See Hinton v. Equifax Info. Servs., LLC, et. al.*, No. 1:09cv1061 (E.D. Va. June 11, 2010).

Plaintiff, a frequent flyer in the United States judicial system,[1] claims to be a Virginia resident, and claims to "derive[] his income as a recreational angler, fisherman/sportsman of Gulf Waters and as a maritime consultant of an internet start-up seafood distribution enterprise that has evolved from his recreational sport fishing expeditions in the Gulf of Mexico."  (Am. Compl. ¶ 5). Plaintiff claims to have suffered various torts as a result of the Deepwater Horizon explosion and spill.

Plaintiff filed three Warrants in Debt against Defendant, *pro se*, in the Arlington, Virginia General District Court on June 3, 2010 (the "June 3 Matter") [Case No. 1:10cv754, Dkt. 1  Ex. A]; July 12, 2010 (the "July 12 Matter") [Case No. 1:10cv852, Dkt. 1 Ex. A], and July 21, 2010 (the "July 21 Matter") [Case No. 1:10cv852, Dkt. 1 Ex. A], respectively.

---

[1] As of August 11, 2009, Plaintiff had filed at least forty-three other federal civil lawsuits, all of which were dismissed, including at least fourteen which were dismissed as frivolous or by orders indicating that any appeal would be considered in bad faith.  [Case No. 1:10cv754, MTD [Dkt. 5 Ex. 4 (*Hinton v. Trans Union, LLC, et al.*, No. 1:09cv170 (E.D. Va. Aug. 11, 2009) (Ellis, J.))]].

Defendant removed the June 3 Matter to this Court on July 6, and removed the other two Matters on July 30. Plaintiff filed an Amended Complaint ("Am. Compl.") in the June 3 Matter on July 13, 2010, before this Court. [Case No. 1:10cv754, Dkt. 4.] Defendant moved to dismiss the June 3 Matter on July 27, 2010 [Case No. 1:10cv754, Dkt 5], and moved to dismiss or for a more definite statement regarding the July 12 Matter on August 9, 2010 [Case No. 1:10cv852, Dkt. 3], and for the July 21 Matter on August 13, 2010 [Case No. 1:10cv851, Dkt. 3]. Defendant's motions are before the Court.

## II. Analysis

This Court will (1) dismiss the June 3 Matter, (2) consolidate the July 12 and July 21 Matters, (3) order clarification regarding Plaintiff's place of residence, and (4) enjoin Plaintiff from continuing any actions in this Court without leave from the Court.

First, regarding dismissal, Defendant argues that Plaintiff's lawsuits violate of Judge Trenga's June 11, 2010, Order barring Plaintiff "from filing any further complaints in the Eastern District of Virginia without first filing a petition for leave to file." [Case Nos. 1:10cv754, Dkt 5; 1:10cv852, Dkt. 3; 1:10cv851, Dkt. 3 (citing *Hinton v. Equifax Info. Servs. LLC, et al.*, 1:09cv1061 (E.D. Va. June 11, 2010) (Trenga, J.)]. This Court agrees with respect to the June 3 Matter. Although,

3

Plaintiff's June 3 Warrant in Debt preceded Judge Trenga's Order and was filed in state court, Plaintiff's subsequent Amended Complaint [Case No. 1:10cv754, Dkt. 4] was filed in this Court *after* Judge Trenga's Order, without Plaintiff first petitioning for leave to file, and therefore violated that Order. This Court will therefore grant Defendant's Motion to Dismiss with respect to the June 3 Matter.

Second, regarding consolidation, Plaintiff's July 12 and July 21 Warrants in Debt are nearly word-for-word identical and arise out of the same event--the Deepwater Horizon Spill. Consolidation makes abundant sense here.

Third, the Court takes judicial notice that, although Plaintiff filed his three Virginia actions on June 3, July 12, and July 22, 2010, claiming each time to reside in *Virginia*, Plaintiff also filed a nearly identical lawsuit in the Southern District of Alabama on June 17, 2010, claiming to be a resident of *Alabama*. *See Hinton v. BP America, Inc.*, No. 1:10-cv-00311 (S.D. Ala.) (Compl. ¶ 5). Noting inconsistencies between Plaintiff's Alabama complaint and Alabama motion to proceed *in forma pauperis*, the court issued an order requiring Plaintiff to detail his living situation, income, and employment. *Id.* (June 24, 2010 Order). Plaintiff never responded, and the court dismissed the case. *Id.* (Aug. 9, 2010 Order).

In light of the inconsistency between Plaintiff's filings in this Court and the United States District Court of Alabama, this Court now requires that Plaintiff file a further statement, no later than 2 weeks from the date of this Court's Order, under oath, detailing his residence over the past six months, the state his car is registered in, the state he is registered to vote in (if any), the state in which he pays taxes, providing a copy of his driver's license, and explaining the discrepancy between his residence as listed in the Virginia cases and the residence listed in his Alabama case.

Fourth, this Court is concerned that Plaintiff may attempt, if he has not done so already, to subvert Judge Trenga's prohibition on filing additional complaints before this Court by filing state actions knowing that they will be removed. To ensure that Plaintiff cannot exploit a jurisdictional loophole to evade Judge Trenga's Order, this Court will Order Plaintiff barred from continuing any action before this Court without first filing a petition for leave to file, within 30 days of the date of removal of his state court action, accompanied by a sworn affidavit that the proposed action is (1) not frivolous, (2) filed in good faith, and (3) not previously disposed of by this Court in any previous action. Absent such leave from this Court, any document or motion served by Plaintiff will be considered a nullity and will not be accepted

by the Clerk of the Court, except for a Petition for Leave to Continue Action. *See Sassower v. Abrams, et al.*, 833 F. Supp. 253, 266-274 (S.D.N.Y. 1993) (enacting the same injunction to prevent a plaintiff from avoiding an injunction against federal court filings by originating his claims in state court). The filing of such a motion will toll any statute of limitations.

### IV. Conclusion

For these reasons, the Court will (1) dismiss the June 3 Matter, (2) consolidate the remaining actions, (3) order clarification regarding Plaintiff's place of residence, and (4) enjoin Plaintiff from continuing any actions in this Court without leave from the Court. An appropriate Order will issue.

|  | /s/ |
|---|---|
| August 25, 2010 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |